IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **HCR MANORCARE HEALTH SERVICES - CHEVY CHASE,** | * * * * | |
| Plaintiff | * * | |
| v. | * * | Case No.: RWT 09cv2614 |
| **VINCENTIE SALAKPI,** *et al.*, | * * | |
| Defendants. | * * | |

## MEMORANDUM OPINION

"Study the past if you would divine the future." Maturin M. Ballou, A Treasury of Thought 383 (Houghton, Mifflin and Company 10th ed. 1884) (1871) (quoting Confucius).

## BACKGROUND AND PROCEDURAL HISTORY

On August 28, 2009, Plaintiff HCR Manorcare Health Services - Chevy Chase ("Manorcare") commenced an action in the Circuit Court for Montgomery County against Defendants Vincentie Salakpi and Chris Salakpi to recover $59,916.04, plus interest, costs, and reasonable attorney's fees, for unpaid personal care and health services rendered to Vincentie Salakpi. *See* Paper No. 2. Plaintiff asserts state law claims for negligence, unjust enrichment, *quantum meruit*, and breach of contract. *See id*.

On October 6, 2009, Defendants removed the action to the United States District Court for the District of Maryland. *See* Paper No. 1. Defendants' Notice of Removal asserts that this Court has jurisdiction pursuant to "28 U.S.C. §§ 1331, 1332, 1343, [and] the 5th Amendment of the United States Constitution." *See id.* ¶ 3.

Plaintiffs move to remand the case to the Circuit Court for Montgomery County on the grounds that (i) there is no federal question jurisdiction because the complaint pleads only

common law causes of action; (ii) there is no diversity jurisdiction because the amount in controversy is less than $75,000; and (iii) even if the amount in controversy satisfied the threshold for diversity jurisdiction, the case would still not be removable because Defendants are citizens of the State of Maryland.  *See* Pl.'s Mot. to Remand Case at 1.

In response, Defendants filed an Opposition, *see* Paper No. 19, as well as a Motion for Leave to File Third Party Complaint, *see* Paper No. 18.  Defendants seek to file a third-party complaint against CIGNA, a health insurance company, for failure to pay Mrs. Salakpi's bills at Plaintiff Manorcare's facility and for failing to pay other bills in excess of $82,000.  *See* Defs.' Mot. for Leave to File Third Party Compl. ¶ 3.  Defendants appear to argue that this Court will have jurisdiction over the instant action if they are permitted to file a third-party complaint against CIGNA.  *See* Defs.' Notice of Removal ¶ 3; Defs.' Opp'n to Mot. to Remand ¶¶ 1-4; *see also* Defs.' Mot. for Leave to File Third Party Compl. ¶¶ 3-4.

## **REMOVAL JURISDICTION**

Federal courts have removal jurisdiction over state court actions "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  A district court has original jurisdiction over civil claims arising under federal law, 28 U.S.C. § 1331; over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity, 28 U.S.C. § 1332(a); and over actions where the "putative state law claim has been totally subsumed by federal law," *Barbour v. Int'l Union*, 594 F.3d 315, 326 (4th Cir. 2010) (analyzing whether the doctrine of complete preemption provided a basis for federal jurisdiction).

The removing party has the burden of proving the existence of federal jurisdiction.  *Id.* at 326; *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008).  Jurisdiction is determined based on the circumstances at the time the notice of removal is filed.  *See Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 390 (1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab*

*Co.*, 303 U.S. 283, 291 (1938)); *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008); *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-711 (2004) (observing that the "time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure" (internal footnote omitted)).

Based on the facts in existence when Defendants filed their notice of removal, the Court concludes that it lacks subject matter jurisdiction over the instant action.

<u>First</u>, there is no federal question jurisdiction because Plaintiff's complaint does not raise an issue of federal law. As "master of the claim," Plaintiff has "avoid[ed] federal jurisdiction by exclusive reliance on state law." C*aterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Court therefore does not have original jurisdiction pursuant to 28 U.S.C. § 1331. Furthermore, Defendant cannot confer jurisdiction by asserting a federal defense. *See Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005).[1]

<u>Second</u>, diversity jurisdiction does not exist because the amount in controversy is less than $75,000. *See* 28 U.S.C. § 1332(a). The complaint states that Plaintiff seeks to recover $59,916.04, *see* Compl. ¶ 10, and Defendants have neither argued that the amount in controversy is higher nor offered any evidence that Plaintiff's claim exceeds the jurisdictional threshold. Accordingly, diversity jurisdiction is lacking.

<u>Third</u>, assuming, *arguendo*, that the amount in controversy exceeded $75,000, removal would still be improper because 28 U.S.C. § 1441(b) prohibits removal of a diversity action

---

[1] *Cf. Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 830-32 (2002) (holding that under the well-pleaded complaint rule, a counterclaim cannot serve as the basis for the district court's jurisdiction).

where any defendant is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Here, both Defendants are citizens of the State of Maryland. *See* Compl. ¶ 3. Defendants would therefore be barred from removing this action to federal court even if diversity jurisdiction existed. *See ITT Industrial Credit Co. v. Durango Crushers, Inc.*, 832 F.2d 307, 308 (4th Cir. 1987).

Fourth, Defendants' pending Motion for Leave to File Third Party Complaint cannot serve as the basis for this Court's jurisdiction. The motion is irrelevant to the Court's jurisdictional analysis because it was filed *after* removal. *See, e.g.*, *Schacht*, 524 U.S. at 390. Correlatively, the Court must first have subject matter jurisdiction over the original action before it has authority to entertain any motion for leave to file a third-party complaint. *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 587 (4th Cir. 2006) (observing that 28 U.S.C. § 1447(c) mandates remand when subject matter jurisdiction is lacking); *Cunningham v. Twin City Fire Ins. Co.*, 669 F. Supp. 2d 624, 627 (D. Md. 2009) (same).[2] Moreover, even if Defendants had filed a third-party complaint in state court before removing the action, this Court would likely still not have jurisdiction based on the third-party complaint alone. *See Fisherman's Harvest, Inc. v. PBS & J*, 490 F.3d 1371, 1374-75 (Fed. Cir. 2007) ("[Defendant's] subsequent third-party complaint against the government does nothing to change the jurisdictional inquiries presented by that action."); *Metro Ford Truck Sales v. Ford Motor Co.*, 145 F.3d 320, 326 (5th Cir. 1998) (holding that "the federal question alleged in the defendant's third-party claim does not, in and of itself, confer jurisdiction upon the federal court"); *Cross Country Bank v. McGraw*, 321 F. Supp. 2d 816, 820-21 (S.D. W. Va. 2004) ("Federal question

---

[2] *Cf. Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 49 (4th Cir. 1996) ("The plain language of § 1447(c) gives no discretion to dismiss rather than remand an action removed from state court over which the court lacks subject-matter jurisdiction." (internal quotation marks omitted)); *Osborne v. Osborne*, 554 F. Supp. 566, 569 (D. Md. 1982) (refusing to consider defendant's motion for a temporary restraining order because remand was mandatory).

4

jurisdiction exists only if the plaintiff's complaint states a federal cause of action; permitting a defendant to create federal subject matter jurisdiction by casting a third-party complaint in terms of a federal cause of action would impermissibly expand the jurisdiction of the federal courts beyond that conferred by Congress."); 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1444 (2d ed. 2010) ("Of course, when there is no subject-matter jurisdiction over the original action between plaintiff and defendant, it cannot be created by adding a third-party claim over which there is jurisdiction."). Accordingly, Defendants' Motion for Leave to File Third Party Complaint cannot confer subject matter jurisdiction on this Court.

Because the Court does not have subject matter jurisdiction, it must remand the action to the Circuit Court for Montgomery County. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## **PLAINTIFF'S REQUEST FOR COSTS, EXPENSES, AND ATTORNEY FEES**

When there is no "objectively reasonable basis for removal," *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), a district court has authority to order that a defendant reimburse a plaintiff's "costs and any actual expenses, including attorney fees, incurred as a result of the removal," 28 U.S.C. § 1447(c). Whether or not to award attorney fees is left to the discretion of the district court. *See Martin*, 546 at 138 ("[J]ust as there is no basis for supposing Congress meant to tilt the exercise of discretion in favor of fee awards under § 1447(c), . . . so too there is no basis here for a strong bias against fee awards . . . ."); *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996) (same). The Fourth Circuit recently clarified that 28 U.S.C. § 1447(c) does not permit the assessment of legal fees on an attorney who erroneously removes a case from state to federal

court, but rather imposes liability only on litigants. *See In re Crescent City Estates, LLC*, 588 F.3d 822, 831 (4th Cir. 2009).

The Court concludes that Defendants had no objectively reasonable basis for removal. Defendants appear to raise only two possible grounds for the Court's jurisdiction: (i) federal defenses; and (ii) a hypothetical, future third-party complaint. However, as discussed above, it is well-settled that neither of these grounds can serve as the basis for the Court's jurisdiction. Moreover, federal question jurisdiction and diversity jurisdiction are clearly lacking. A cursory examination of the complaint, relevant statutes, and case law by defense counsel would have revealed that the action was not removable. Pursuant to 28 U.S.C. § 1447(c), the Court will therefore, albeit reluctantly, order that Defendants pay costs, actual expenses, and attorney fees incurred by Plaintiff in the amount of $7,674.19. *See* Pl.'s Mot. for Leave to Suppl. Mot. to Remand Case at 1-2; Mastro Aff. ¶ 6, Ex. A.

A separate Order follows.

April 8, 2010                               /s/
Date                                    Roger W. Titus
                                        United States District Judge